UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA ANDERSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) Case No.  4:23-cv-105 |
| | ) |
| and | ) |
| | ) |
| NORTHERN NEW ENGLAND BENEFIT | ) |
| TRUST DBA ALLEGIANT CARE PLAN, | ) |
| | ) |
| Defendants. | |

**COMPLAINT**

1. The Plaintiff, Angela Anderson, by and through the undersigned counsel, files this Complaint against Hartford Life and Accident Insurance Company (hereinafter "Hartford"), and Northern New England Benefit Trust DBA Allegiant Care Plan (hereinafter "The Plan"), the Defendants.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Angela Anderson brings this action to enforce her rights under ERISA as authorized by 29 U.S.C.§1132(a)(1)(B).

3. The Plaintiff, Angela Anderson, has at all times material hereto, been a citizen of Saint Louis, Missouri.

4. Plaintiff is informed and believes that Defendant Hartford is a Connecticut corporation doing business in St. Louis County, Missouri. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

5. Hartford[1] issued the Plan, group policy number GP-107905-GI to Anheuser-Busch, Inc., (hereinafter "Anheuser") for the benefit of the employees of Anheuser, agreeing to pay Plaintiff, as an Anheuser employee and participant of the Plan, long-term disability ("LTD") benefits in the event that she became disabled and unable to work on a long-term basis.

6. The Plan is a group long-term disability employee benefit plan that provides LTD benefits to participants of the Plan in the event that they become disabled on a long-term basis. The LTD benefit pays a percentage of the employee's former salary. The benefits are payable as long as the participate remains totally and permanently disabled, through the later of the Employee's Normal Retirement Age under the 1983 amendments to the Federal Social Security Act, or through age 65.

7. Defendant Hartford both insures and administers the LTD Policy.

8. Hartford is the payor of the LTD benefits under the Plan.

9. Hartford processed and denied Plaintiff's claim for LTD benefits.

10. Hartford has a financial interest in Plaintiff's LTD claim.

11. Hartford has a conflict of interest in Plaintiff's claim.

## FACTUAL ALLEGATIONS

1) **Vocational Information.**

---

[1] AETNA was the original insurance carrier. Hartford became the administrator on December 31, 2017, after it acquired Aetna's U.S. Group Life and Disability business.

12. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

13. Plaintiff began employment with Anheuser on June 16, 1986.

14. Plaintiff worked as a beer brewer for Anheuser.

15. In this position, Plaintiff's role included a number of responsibilities, including but not limited to: unloading grain from railcars, taking grain samples, transferring grain to storage areas; combining and converting initial ingredients into hot wort; cooling, settling, and injecting yeast into the wort and transferring it into alpha tanks for initial fermenting; preparing beechwood aging chips and tanks, transferring beer for the secondary fermentation; transferring beer through the schoene, filtering, and blending processes to meet quality specifications for release to packaging; accepting, drying, and loading spent grain for shipment, and distilling alcohol from dump beer where and when appropriate; taking samples throughout all processes; and may be assigned additional or different responsibilities consistent with the Company's needs and business judgment.

  **2) Relevant Policy Provisions.**

16. According to the terms of the Policy, "Disabled" and "Disability" is defined in the following way:

*"**Test of Disability**
From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:*

- *You cannot perform the **material duties** of your **own occupation** solely because of an **illness, injury,** or disabling pregnancy-related condition; and*

- *Your earnings are 80% or less of your **adjusted predisability earnings.***

    ***After the first 24 months of your disability*** *that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any **reasonable occupation** solely because of an illness, injury or disabling pregnancy-related condition.*

3

[LTD Policy, page 6]

17. According to the terms of the Policy, "Material Duties" is defined in the following way:

> *"**Material Duties**
> Duties that:*
>
> - *Are normally needed for the performance of your **own occupation**; and*
>
> - *Cannot be reasonably left out or changed. However, to be at work more than 40 hours per week is not a material duty."*

[LTD Policy, page 25]

18. The LTD policy defines "Own Occupation" as:

> *"**Own Occupation**
> The occupation that you are routinely performing when your period of disability begins. Your occupation will be viewed as it is normally performed in the nationally economy instead of how it is preformed:*
>
> - *For your specific employer; or*
>
> - *At your location or work site; and*
>
> - *Without regard to your specific reporting relationship."*

[LTD Policy, page 25]

19. The LTD policy defines "Reasonable Occupation" as:

> *"**Reasonable Occupation**
> This is any gainful activity:*
>
> - *For which you are, or may reasonably become, fitted by education, training, or experience; and*
>
> - *Which results in, or can be expected to result in, an income of more than 60% of your **adjusted predisability earnings**".*

[LTD Policy, page 26]

### 3) Medical Information Supporting Plaintiff's Claim for Disability Benefits.

20. In September of 2019, Plaintiff was forced to stop working due to the disabling effects of chronic obstructive pulmonary disease, dyspnea and centrilobular emphysema.

4

21. As a result of her condition, Plaintiff suffers from shortness of breath, dyspnea, change in voice, coughing, sputum, weight change, shortness of breath if too hot or too cold, itchy eyes, nasal congestion, nasal drainage, and sneezing, and anxiety and depression secondary to her main disabling conditions.

22. Plaintiff's physicians have consistently held that Plaintiff has remained totally disabled due to chronic obstructive pulmonary disease, dyspnea and centrilobular emphysema since she was forced to stop working in September of 2019, and that she continues to remain totally and permanently disabled due to these conditions today.

23. In January of 2020, the Social Security Administration rendered Plaintiff totally disabled from performing "any substantial gainful activity" and awarded her Social Security Benefits. The SSA determined Plaintiff became totally disabled on September 23, 2019.

    **4) Claim Information under the LTD Policy.**

24. In September of 2019, Plaintiff was forced to stop working due to the severity of her conditions and filed a claim for short-term disability benefits.

25. Hartford approved Plaintiff's claim for short-term disability benefits and paid her for the entire short-term disability period.

26. In February of 2020, Plaintiff applied for long-term disability benefits.

27. Hartford approved Plaintiff's long-term disability claim in a letter dated March 24, 2020 and began paying her LTD benefits accordingly.

28. In March of 2022, without any change or improvement in her condition, Hartford terminated Plaintiff's claim for long-term disability benefits in a letter dated March 4, 2022. The letter explained that the definition of disability was set to change as of March

22, 2022, and that based on its review, she was no longer prevented from performing the essential duties of her Own Occupation.

29. In compliance with the LTD policy's internal administrative review process, Plaintiff appealed the benefit denial on March 22, 2022, without assistance of counsel.

30. Included with Plaintiff's appeal was an Attending Physician's Statement dated March 21, 2022 and medical records from Dr. Barkoviak.

31. In the Attending Physician's Statement, Dr. Barkoviak indicated that Plaintiff was not projected to return to work due to her disability.

32. Despite this, Hartford finally denied Plaintiff's claim for long-term disability benefits in a letter dated June 21, 2022.

33. In the final denial, Hartford changed its reason for terminating benefits, this time alleging that Plaintiff could return to "any reasonable occupation" and thus was not entitled to benefits under the LTD Policy: *"Based on the findings of the Peer Review and the EAR we determined that you are not disabled from any reasonable occupation beginning 03/22/2022."*

34. Hartford did not allow Plaintiff the opportunity to respond to its new reason for denial, which deprived Plaintiff of a full and fair review under ERISA. See 29 C.F.R. § 2560.503-1(h)(4)(i) (2018).

35. The medical information in the claim file establishes that Plaintiff was entitled to receive LTD benefits under the LTD Policy for the entire duration of the LTD benefit period.

36. Plaintiff's physicians have consistently and continually reported that she remains totally disabled from working in any occupation.

37. Plaintiff provided significant proof of disability. Despite this proof, Hartford refused to pay her LTD benefits.

38. In terminating Plaintiff's LTD benefits, Hartford acted as a fiduciary in the administration of her claim.

39. Hartford breached its fiduciary duties set forth in ERISA §404, 29 U.S.C. §1104, in failing to act for the exclusive benefit of the Plaintiff and failing to act in accordance with the terms of the LTD Policy.

40. Plaintiff has exhausted her administrative duties.

## CLAIMS FOR RELIEF

## COUNT 1: WRONGFUL TERMIANTION OF LONG-TERM DISABILITY BENEFITS

41. Plaintiff realleges and incorporates by reference, as if fully set forth herein, all allegations set forth in the preceding paragraphs.

42. From September of 2019 through the present, Plaintiff has remained unable to perform the material duties of her own occupation or the reasonable duties of any occupation.

43. Plaintiff has provided ample proof of loss to Hartford, verifying her total disability under the terms of the policy, and resultant entitlement to benefits.

44. Plaintiff's physicians have consistently reported that she is unable to work due to the severity of her condition.

45. Hartford has wrongfully terminated Plaintiff's long-term disability benefits in violation of the terms of the LTD Policy and ERISA.

46. Hartford has breached the terms of the LTD Policy and The Plan and violated ERISA by failing to pay disability benefit payments to Plaintiff at a time when Hartford knew, or

should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Policy.

47. Plaintiff is informed and believes and thereon alleges that Hartford wrongfully terminated her long-term disability benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Hartford aware of once said acts or omissions are discovered by Plaintiff.

48. Following the termination of benefits under the LTD Policy, Plaintiff exhausted all administrative remedies required under The Plan and ERISA. As demonstrated by Hartford's actions herein, attempts to pursue further administrative remedies would have been futile.

49. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Policy and The Plan.

50. As a proximate result of the aforementioned wrongful conduct of Hartford and The Plan has created uncertainty where non should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Policy and The Plan.

51. The wrongful conduct of Hartford has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Policy.

52. Hartford abused its discretion by wrongfully terminating Plaintiff's LTD benefits.

53. By terminating Plaintiff's claim despite a plethora of evidence supporting her continued eligibility for benefits under the policy, Hartford terminated Plaintiff's claim in bad faith.

WHEREFORE, the Plaintiff, Angela Anderson, requests that this Honorable Court enter Judgment:

A. Finding that Ms. Angela Anderson is entitled to long-term disability benefits and order Hartford to pay all past due benefits and pay for future monthly benefits as they become due.

B. Awarding Ms. Anderson interest on the amount of past due benefits, which remains unpaid.

C. Award Ms. Anderson her attorney's fees, costs, and prejudgment interest on past benefits accrued through the date of judgment.

D. Awarding all other relief as may be just and appropriate.

DATED: January 30, 2023

Respectfully Submitted,
/s/Talia Ravis
Talia Ravis
MO Bar # 58366
talia@erisakc.com
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-333-8955 (tel)
1-866-694-3016 (fax)

ATTORNEY FOR PLAINTIFF